# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0122, <u>Paul M. Monzione v. Town of Alton</u>, the court on May 13, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The plaintiff, Paul M. Monzione, appeals the order of the Superior Court (<u>Ignatius</u>, J.) affirming decisions of the Town of Alton Zoning Board of Adjustment (ZBA): (1) granting a special exception to the intervenors, John A. Goodrich and Lisa M. Nicastro, for a contractor's yard; and (2) denying his motion for a rehearing.  The plaintiff argues that the trial court erred by failing to find that: (1) the ZBA erroneously failed to require compliance with Section 462(G) of the town's zoning ordinance; and (2) the ZBA violated his rights to procedural due process when it increased, from ten to twelve, the number of pieces of equipment it would allow on the property, without affording him an opportunity to object.  We affirm.

The plaintiff first argues that that "the provisions of [Section] 462 [of the town's zoning ordinance] create[ ] a higher bar for the applicant to meet related to the impacts on abutters created by a heavy commercial use with large trucks and equipment in a residential zone."  The trial court found that the plaintiff failed to preserve this issue for review because he did not raise it in his motion for rehearing.  In an appeal to the superior court from a ZBA decision, "no ground not set forth in [the motion for rehearing] shall be urged, relied on, or given any consideration by [the] court unless the court for good cause shown shall allow the appellant to specify additional grounds."  RSA 677:3, I (2016).  This rule "is based upon the principle that the local board should have the first opportunity to pass upon any alleged errors in its decisions so that the court may have the benefit of the board's judgment in hearing the appeal."  <u>Bartlett v. City of Manchester</u>, 164 N.H. 634, 640 (2013) (quotation omitted).

The plaintiff argues that he set forth this ground in his motion for rehearing by stating that a rehearing would allow the board to "plac[e] a condition on the approval that would substantially limit the number of pieces of equipment to be parked on the property."  However, the record shows that the plaintiff did not argue in his motion for rehearing that, by failing to place a condition on approval limiting the number of pieces of equipment allowed on the property, the ZBA erroneously failed to require the applicants' compliance with Section 462(G) of the zoning ordinance.  The trial court further found that the plaintiff failed to show good cause to argue additional grounds not set forth

in his request for rehearing.  Accordingly, we agree with the trial court that the plaintiff did not preserve this issue for review.

The plaintiff next argues that the trial court erred by failing to find that his procedural due process rights were violated when the ZBA increased, from ten to twelve, the number of pieces of equipment it would allow on the property, without affording him an opportunity to object.  As the appealing party, the plaintiff has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the plaintiff's arguments, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**